IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

MARK EDWARD FENTON                    §

v.                                    §          CIVIL ACTION NO. 6:11cv626

COFFIELD UNIT, ET AL.                 §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Mark Edward Fenton, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Fenton originally sued the Coffield Unit, "all officers, "administration," and "all inmates." He was ordered to file an amended complaint setting out a short and plain statement of his claim, and he complied with this order on February 24, 2012.

In his amended complaint, Fenton discussed how officers and inmates were using a "high-tech monitoring device" to monitor every word he speaks.  He stated that this was done as part of a "program," directed at him, which involved both officers and inmates as well as outside contractors.  Fenton explained that this device goes everywhere he does and so he cannot get away from it, and that everywhere he goes, the unit administrators tell other prisoners about him and make them part of the "program" to monitor him as well.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as frivolous.  The Magistrate Judge concluded that Fenton's claims were "irrational and wholly incredible" and thus could be dismissed as factually frivolous under Neitzke

v. Williams, 490 U.S. 319, 325 (1989); Ancara v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992). Fenton filed objections to the Report on April 30, 2012.

In his objections, Fenton says that his claim is simple - he is in a Texas prison, but he is additionally being held in "some sort of sadistic program or game" which he is unable to stop or to break free from. He says that he undergoes "unnecessary harassment" by various officers, administrators, and inmates, and that he is being "kept as captive for the pleasure and amusement of these people to play with at their leisure, using all sorts of high tech equipment." He again asks that he be removed from the custody of TDCJ and placed in federal custody. Fenton also says that after he paid an initial partial filing fee of $16.93, an additional sum of $330.00 was removed from his account and sent to the Court; Fenton states if the Court will not reconsider his case, he wants this sum refunded to him.

The Magistrate Judge accurately determined that Fenton's claims are "irrational and wholly incredible." Williams v. Collins, slip op. no. 92-4921 (5th Cir. 1992) (unpublished) (affirming dismissal as factually frivolous of complaint that prison officials were pumping toxic gas into an inmate's cell); *see also* Vinson v. Texas Board of Corrections, 901 F.2d 474, 475 (5th Cir. 1990). Fenton's objections fail to refute the Magistrate Judge's conclusion; on the contrary, these objections refer to Fenton's claims about the "program" and the "high tech equipment" and thus underscore the correctness of the Magistrate Judge's Report.

The Fifth Circuit has stated that when an incarcerated individual files an *in forma pauperis* lawsuit, the full amount of the filing fee, $350.00, is due and payable at the moment that the lawsuit is filed. Hatchet v. Nettles, 201 F.3d 651, 653 (5th Cir. 2000); Gay v. Texas Dept. of Corrections, State Jail Division, 117 F.3d 240, 242 (5th Cir. 1997). There is no statutory provision for a refund of a portion of that fee. Fenton's request for a refund thus cannot be granted.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court

has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 15) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A. It is further

ORDERED that the Clerk shall provide a copy of this Memorandum Opinion to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 10th day of May, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE